**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 1:16-cv-00943-SLR |
| PRINSTON PHARMACEUTICAL INC., | : : | |
| Defendants. | : : : : : | |

**PRINSTON PHARMACEUTICAL INC.'S
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND AMENDED
COUNTERCLAIMS**

**ANSWER TO THE COMPLAINT**

Defendant Prinston Pharmaceutical Inc. ("Prinston"), by its attorneys, answers the

Complaint for Patent Infringement of Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd.,

and Astellas Pharma Global Development, Inc. (collectively "Astellas" or "Plaintiffs") as

follows.

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), Prinston denies all allegations in Plaintiffs'

Complaint, except those expressly admitted below.

## RESPONSE TO ALLEGATIONS REGARDING THE PARTIES

### Plaintiffs

1.      On information and belief, Prinston admits Astellas Pharma Inc.'s address, and that it is a corporation organized and existing under the laws of Japan.  Prinston is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 1 and, therefore, denies them on that basis.

2.      On information and belief, Prinston admits Astellas Ireland Co., Ltd.'s ("AICL") address, that it is a subsidiary of Astellas Pharma Inc., and that it is a corporation organized and existing under the laws of Ireland.

3.      On information and belief, Prinston admits Astellas Pharma Global Development, Inc.'s ("APGD") address, that it is a subsidiary of Astellas Pharma Inc., and that it is a corporation organized and existing under the laws of the State of Delaware.

4.      Prinston admits that it is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.  Prinston admits that it is in the business of developing, manufacturing, and obtaining regulatory approval of pharmaceutical products for distribution and sale throughout the United States.  Prinston denies the remaining allegations in Paragraph 4.

5.      Prinston admits that Zhejiang Huahai Pharmaceutical Co., Ltd. ("Zhejiang Huahai"), is a corporation organized and existing under the laws of the People's Republic of China, with a place of business at Xunqiao, Linhai, Zhejiang 317024, China.  Prinston denies the remaining allegations in Paragraph 5.

6.      Prinston admits that Huahai US Inc. ("Huahai US") is a corporation organized and existing under the laws of New Jersey, with a place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.  Prinston denies the remaining allegations in Paragraph 6.

2

7.      Prinston admits that Solco Healthcare US, LLC ("Solco"), is a corporation organized and existing under the laws of Delaware, with a place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.  Prinston denies the remaining allegations in Paragraph 7.

8.      Prinston admits that Prinston, Huahai US, and Solco are wholly-owned subsidiaries of Zhejiang Huahai.  Prinston denies the remaining allegations in Paragraph 8.

9.      Prinston denies the allegations in Paragraph 9.

**RESPONSE TO ALLEGATIONS REGARDING NATURE OF THE ACTION**

10.      This paragraph contains legal conclusions to which no response is required.  To the extent any response is required, Prinston admits that Plaintiffs purport to bring this action under the patent laws of the United States for infringement of U.S. Patent Nos. 7,342,117 ("the '117 patent"), 7,982,049 ("the '049 patent"), 8,835,474 ("the '474 patent"), and RE44,872 ("the '872 patent") related to Prinston's Abbreviated New Drug Application for approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of mirabegron tablets ("Prinston's ANDA Product").  Prinston denies the remaining allegations in Paragraph 10.

**RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

11.      This paragraph contains a legal conclusion to which no answer is required.  To the extent any answer is required, Prinston does not contest that this Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12.      This paragraph contains a legal conclusion to which no answer is required.  To the extent any answer is required, for the purpose of this Action only Prinston does not dispute that this Court has personal jurisdiction over Prinston.

13.      This paragraph contains a legal conclusion to which no answer is required.  To the extent any answer is required, Prinston admits that it is a corporation organized and existing under the laws of the State of Delaware, and for the purpose of this Action only does not dispute that this Court has jurisdiction over Prinston.

14.      This paragraph contains a legal conclusion to which no answer is needed.  To the extent any answer is required, Prinston denies the allegations in Paragraph 14.

15.      This paragraph contains a legal conclusion to which no answer is needed.  To the extent any answer is required, Prinston denies the allegations in Paragraph 15.

16.      This paragraph contains a legal conclusion to which no answer is needed.  To the extent any answer is required, Prinston denies the allegations in Paragraph 16.

17.      Prinston admits that it is in the business of developing, formulating, manufacturing, marketing, and selling pharmaceutical products in the US and does not contest personal jurisdiction in this Court for the purpose of this Action only.  Prinston denies the remaining allegations in Paragraph 17.

18.      This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Prinston denies the allegations in Paragraph 18.

19.      Prinston admits that it submitted ANDA No. 209475 seeking FDA approval to market and sell Prinston's ANDA Product, and that Prinston's ANDA includes the FDA-required labeling for Prinston's ANDA Product.  That ANDA and labeling speaks for itself.  Prinston denies the remaining allegations in Paragraph 19.

20.      Prinston admits that it informed Astellas by letter dated September 8, 2016 (the "Notice Letter") that Prinston's ANDA contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to U.S. Patent Nos. 6,562,375 ("the '375 patent"); 7,342,117

4

("the '117 patent"); 7,982,049 ("the '049 patent"); 8,835,474 ("the '474 patent"); and RE44,872

("the '872 patent"), that the '375 patent, '117 patent, '049 patent, '474 patent and '872 patents

are invalid, unenforceable and/or will not be infringed by the manufacture, use importation, sale

or offer for sale of Prinston's ANDA Product, and further admits that the Notice Letter was

signed by counsel for Prinston.  Prinston denies the remaining allegations in Paragraph 20.

21.     Prinston denies the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 contain a legal conclusion for which no answer is

required.  To the extent any answer is required, Prinston denies the allegations in Paragraph 22.

23.     Prinston does not contest that venue in this District is proper for the purpose of

this Action only.

## RESPONSE TO ALLEGATIONS REGARDING FACTUAL BACKGROUND

**A.     The '117 Patent**

24.     Prinston admits that U.S. Patent No. 7,342,117 ("the '117 patent") is entitled "α-

Form or β-Form Crystal of Acetanilide Derivative," and that the patent states on its face an issue

date of March 11, 2008.  Prinston further admits that Exhibit A purports to be a true and correct

copy of the '117 patent.  Prinston denies that the '117 patent was duly and legally issued, and

further denies the remaining allegations in Paragraph 24.

25.     The allegations in Paragraph 25 contain legal conclusions for which no answer is

required.  To the extent any answer is required, Prinston denies the allegations in Paragraph 25.

26.     On information and belief, Prinston admits that the "Orange Book" lists the

expiration date of the '117 patent as November 4, 2023.

**B.     The '049 Patent**

27.     Prinston admits that U.S. Patent No. 7,982,049 ("the '049 patent") is entitled "α-Form or β-Form Crystal of Acetanilide Derivative," and that the patent states on its face an issue date of July 19, 2011.  Prinston further admits that Exhibit B purports to be a true and correct copy of the '049 patent.  Prinston denies that the '049 patent was duly and legally issued, and further denies the remaining allegations in Paragraph 27.

28.     The allegations of paragraph 28 contain legal conclusions for which no answer is required.  To the extent any answer is required, Prinston denies the allegations in Paragraph 28.

29.     On information and belief, Prinston admits that the "Orange Book" lists  the expiration date of the '049 patent as November 4, 2023.

**C.     The '474 Patent**

30.     Prinston admits that U.S. Patent No. 8,835,474 ("the '474 patent") is entitled "Remedy for Overactive Bladder Comprising Acetic Acid Anilide Derivative as the Active Ingredient," and that the patent states on its face an issue date of September 16, 2014.  Prinston further admits that Exhibit C purports to be a true and correct copy of the '474 patent.  Prinston denies that the '474 patent was duly and legally issued, and further denies the remaining allegations in Paragraph 30.

31.     The allegations of Paragraph 31 contain legal conclusions for which no answer is required.  To the extent any answer is required, Prinston denies the allegations in paragraph 31.

32.     On information and belief, Prinston admits that the "Orange Book" lists the expiration date of the '474 patent as November 4, 2023.

**D.     The '872 Patent**

33.     Prinston admits that U.S. Patent No. RE44872 ("the '872 patent") is entitled "Remedy for Overactive Bladder Comprising Acetic Acid Anilide Derivative as the Active

Ingredient," and that the patent states on its face an issue date of April 29, 2014.  Prinston further admits that Exhibit D purports to be a true and correct copy of the '872 patent.  Prinston denies that the '872 patent was duly and legally issued, and further denies the remaining allegations in Paragraph 33.

34.     The allegations of paragraph 34 contain legal conclusions for which no answer is required.  To the extent any answer is required, Prinston denies the allegations in Paragraph 34.

35.     The allegations of paragraph 35 contain legal conclusions for which no answer is required.  To the extent any answer is required, Prinston denies the allegations in Paragraph 35.

36.     On information and belief, Prinston admits that the "Orange Book" lists November 4, 2023 as the expiration date of the '872 patent.

**E.     MYRBETRIQ®**

37.     On information and belief, Prinston admits that APGD is the holder of New Drug Application ("NDA") No. 202611 for Mirabegron extended release tablets, 25 mg and 50 mg which contain the active ingredient mirabegron, and that the Orange Book lists U.S. Patent No. 6,346,532 ("the '532 patent") in addition to the '117, '049, '474, and '872 patents with respect to Myrbetriq® tablets.  On information and belief, Prinston further admits that the FDA approved NDA No. 202611 on June 28, 2012.  Prinston is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 37, and therefore denies them on that basis.

38.      Prinston is without sufficient information or knowledge to admit or deny the allegations in Paragraph 38, and therefore denies them on that basis.

39.     Upon information and belief, Prinston admits the allegation in Paragraph 39.

40.     Upon information and belief, Prinston admits that the United States Patent and Trademark Office ("USPTO") lists Astellas Pharma, Inc. as the record owner and assignee of the '532, '117, '049, '474, and '872 patents.

41.     Prinston is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41 and therefore denies them on that basis.

42.     Prinston is without sufficient knowledge or information to admit or deny the allegations in Paragraph 42, and therefore denies them on that basis.

**F.     Alleged Infringement by Prinston**

43.     Prinston admits that it submitted to FDA ANDA No. 209475 under Section 505(j) of the Act, 21 U.S.C. § 355(j) seeking approval from FDA to engage in the commercial manufacture, use, offer for sale and/or importation of Prinston's ANDA Product in the United States, and that Prinston's ANDA included a paragraph IV certification as to each of the '117, '049, '474 and '872 patents.  Prinston denies the remaining allegations in Paragraph 43.

44.     Prinston admits that if it receives final FDA approval of ANDA No. 209475, then Prinston will be approved to begin manufacturing, marketing, selling, offering for sale and/or importing Prinston's ANDA Product in the United States.  Prinston denies the remaining allegations in Paragraph 44.

45.     Prinston admits the allegations in Paragraph 45.

46.     Prinston admits that it submitted to FDA ANDA No. 209475 under Section 505(j) of the Act, 21 U.S.C. § 355(j) seeking approval from FDA to engage in the commercial manufacture, use, offer for sale and/or import Prinston's ANDA Product containing miragebron in the United States.  Prinston further admits that it submitted a "Paragraph III" certification to FDA with respect to the '532 patent.  Prinston denies the remaining allegations in Paragraph 46.

47.     Prinston denies the allegations in Paragraph 47.

48.     On information and belief, Prinston admits the allegations in Paragraph 48.

**RESPONSE TO THE ALLEGATIONS OF COUNT I: DIRECT INFRINGEMENT OF THE '117 PATENT**

49.     Prinston incorporates its answers to Paragraphs 1- 48 as if fully set forth herein.

50.     Prinston denies the allegations in Paragraph 50.

51.     Prinston denies the allegations in Paragraph 51.

52.     Prinston denies the allegations in Paragraph 52.

**RESPONSE TO THE ALLEGATIONS OF COUNT II: DIRECT INFRINGEMENT OF THE '049 PATENT**

53.     Prinston incorporates its answers to Paragraphs 1- 52 as if fully set forth herein.

54.     Prinston denies the allegations in Paragraph 54.

55.     Prinston denies the allegations in Paragraph 55.

56.     Prinston denies the allegations in Paragraph 56.

**RESPONSE TO THE ALLEGATIONS OF COUNT III: DIRECT INFRINGEMENT OF THE '474 PATENT**

57.     Prinston incorporates its answers to Paragraphs 1- 56 as if fully set forth herein.

58.     Prinston denies the allegations in Paragraph 58.

59.     Prinston denies the allegations in Paragraph 59.

**RESPONSE TO THE ALLEGATIONS OF COUNT IV: INDUCEMENT TO INFRINGE THE '474 PATENT**

60.     Prinston incorporates its answers to paragraphs 1- 59 as if fully set forth herein.

61.     Prinston admits the allegations in Paragraph 61.

62.     Prinston denies the allegations in Paragraph 62.

63.     Prinston denies the allegations in Paragraph 63.

64.     Prinston denies the allegations in Paragraph 64.

65.     Prinston denies the allegations in Paragraph 65.

66.     Prinston denies the allegations in Paragraph 66.

67.     Prinston denies the allegations in Paragraph 67.

68.     Prinston denies the allegations in Paragraph 68.

## RESPONSE TO THE ALLEGATIONS OF COUNT V: CONTRIBUTORY INFRINGEMENT OF THE '474 PATENT

69.     Prinston incorporates its answers to Paragraphs 1- 68 as if fully set forth herein.

70.     Prinston admits that if it receives final FDA approval of ANDA No. 209475, then it will be approved to manufacture, market, sell, offer for sale and/or import its ANDA Product in the United States.  Prinston denies all remaining allegations of Paragraph 70.

71.     Prinston denies the allegations in Paragraph 71.

72.     Prinston denies the allegations in Paragraph 72.

73.     Prinston denies the allegations in Paragraph 73.

74.     Prinston denies the allegations in Paragraph 74.

## RESPONSE TO THE ALLEGATIONS OF COUNT VI: DIRECT INFRINGEMENT OF THE '872 PATENT

75.     Prinston incorporates its answers to Paragraphs 1- 74 as if fully set forth herein.

76.     Prinston denies the allegations in Paragraph 76.

77.     Prinston denies the allegations in Paragraph 77.

## RESPONSE TO THE ALLEGATIONS OF COUNT VII: INDUCEMENT TO INFRINGE THE '872 PATENT

78.     Prinston incorporates its answers to Paragraphs 1- 77 as if fully set forth herein.

79.     Prinston admits the allegations in Paragraph 79.

80.     Prinston denies the allegations in Paragraph 80.

81.     Prinston denies the allegations in Paragraph 81.

82.   Prinston denies the allegations in Paragraph 82.

83.   Prinston denies the allegations in Paragraph 83.

84.   Prinston denies the allegations in Paragraph 84.

85.   Prinston denies the allegations in Paragraph 85.

86.   Prinston denies the allegations in Paragraph 86.

## RESPONSE TO THE ALLEGATIONS OF COUNT VIII: CONTRIBUTORY INFRINGEMENT OF THE '872 PATENT

87.   Prinston incorporates its answers to Paragraphs 1- 86 as if fully set forth herein.

88.   Prinston admits that if it receives final FDA approval of ANDA No. 209475, then it will be approved to manufacture, market, sell, offer for sale and/or import its ANDA Product in the United States.  Prinston denies all remaining allegations of Paragraph 88.

89.   Prinston denies the allegations in Paragraph 89.

90.   Prinston denies the allegations in Paragraph 90.

91.   Prinston denies the allegations in Paragraph 91.

92.   Prinston denies the allegations in Paragraph 92.

## RESPONSE TO PRAYER FOR RELIEF

Prinston denies that Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. are entitled to any relief whatsoever with respect to their allegations against Prinston.

## PRINSTON'S AFFIRMATIVE DEFENSES

Prinston asserts the following defenses without prejudice to the denials in its Answer and without admitting any allegations of the Complaint not otherwise admitted.  Prinston does not assume the burden of proof on any such defenses, except as required by the applicable law with respect to the particular defense asserted.  Prinston reserves the right to assert other defenses

11

and/or to otherwise supplement or amend its Answer and Affirmative Defenses to the Complaint upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE
**(Invalidity)**

The claims of the '117, '049, '474, and '872 patents are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112, and/or under other judicially-created bases for invalidation.

### SECOND DEFENSE
**(No Direct Infringement)**

Prinston does not directly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '117, '049, '474, and '872 patents, and if Prinston's ANDA Product is marketed, Prinston would not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '117, '049, '474, and '872 patents.

### THIRD DEFENSE
**(No Indirect Infringement)**

Prinston has not induced or contributed to, and does not and will not induce or contribute to, the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable claim of the '117, '049, '474, and '872 patents, and if Prinston's ANDA Product is marketed, Prinston would not induce or contribute to the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable claim of the '117, '049, '474, and '872 patents.

### FOURTH DEFENSE
**(No Costs)**

The Plaintiffs are barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

## FIFTH DEFENSE

Prinston reserves all defenses, at law or equity that may now exist or in the future be available on discovery and further factual investigation in this case.

**WHEREFORE**, defendant Prinston prays for judgment in its favor and against Astellas for its fees, costs, and expenses, and for other such relief as the Court deems just and proper.

## PRINSTON PHARMACEUTICAL INC.'S AMENDED COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Prinston Pharmaceutical Inc., ("Prinston") for its Counterclaims against Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively "Astellas" or "Plaintiffs"), alleges as follows:

1.     Prinston repeats and incorporates by reference each of the foregoing paragraphs in Prinston's Answer, Affirmative Defenses, and Counterclaims.

2.     This is a counterclaim for declaratory judgment of non-infringement and/or invalidity of one or more claims of United States Patent Nos. 7,342,117 ("the '117 patent"), 7,982,049 ("the '049 patent"), 8,835,474 ("the '474 patent"), and RE44,872 ("the '872 patent") under 35 U.S.C. § 271(e)(5), 28 U.S.C. §§ 2201 and 2202, 12 U.S.C. § 355(j), and 21 U.S.C. § 355(J)(5)(c).  True and correct copies of the '117 patent, '049 patent, '474 patent, and the '872 patent are attached as Exhibits A, B, C, and D, respectively.

3.     On information and belief, on March 11, 2008, the U.S. Patent and Trademark Office ("PTO") issued the '117 patent entitled, "α-Form or β-Form Crystal of Acetanilide Derivative," listing on its face Souichirou Kawazoe, Kenichirou Sakamoto, Yuji Awamura, Tatsuya Maruyama, Takayuki Suzuki, Kenichi Onda, Toshiyuki Takasu as inventors.  According to the Food and Drug Administration ("FDA") publication entitled *Approved Drug Product*

*with Therapeutics Equivalence Evaluations*" (known as "the Orange Book"), the '117 patent will expire on November 4, 2023.

4.    On information and belief, on July 19, 2011, the PTO issued the '049 patent entitled, "α-Form or β-Form Crystal of Acetanilide Derivative," listing on its face Souichirou Kawazoe, Kenichirou Sakamoto, Yuji Awamura, Tatsuya Maruyama, Takayuki Suzuki, Kenichi Onda, Toshiyuki Takasu as inventors.  According to the Orange Book, the '049 patent will expire on November 4, 2023.

5.    On information and belief, on September 16, 2014, the PTO issued the '474 patent entitled, "Remedy for Overactive Bladder Comprising Acetic Acid Anilide Derivative as the Active Ingredient," listing on its face Toshiyuki Takasu, Shuichi Sato, Masashi Ukai, Tatsuya Maruyama, Masayuki Shibasaki as inventors.  According to the Orange Book, the '474 patent will expire on November 4, 2023.

6.    On information and belief, on April 29, 2014, the PTO issued the '872 patent entitled, "Remedy for Overactive Bladder Comprising Acetic Acid Anilide Derivative as the Active Ingredient," listing on its face Toshiyuki Takasu, Shuichi Sato, Masashi Ukai, Tatsuya Maruyama, Masayuki Shibasaki as inventors.  According to the Orange Book, the '872 patent will expire on November 4, 2023.

7.    Astellas markets mirabegron products under the trade name MYRBETRIQ®.

8.    On information and belief, Astellas markets MYRBETRIQ® throughout the United States, including this district.

9.    On information and belief, Astellas Pharma Inc. owns the '117 patent.

10.    On information and belief, Astellas Pharma Inc. owns the '049 patent.

11.    On information and belief, Astellas Pharma Inc. owns the '474 patent.

12.     On information and belief, Astellas Pharma Inc. owns the '872 patent.

## THE PARTIES

13.     Prinston is a company organized and existing under the laws of Delaware, having its principal place of business at 2002 Eastpark Blvd, Cranbury, New Jersey 08512.

14.     On information and belief, Plaintiff Astellas Pharma Inc. is a corporation organized and existing under the laws of Japan, having its principle place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.

15.     On information and belief, Plaintiff Astellas Ireland Co., Ltd. ("AICL") is a corporation organized and existing under the laws of Ireland, having its principal place of business at Damastown Road, 2 Damastown Industrial Park, Mulhuddart, Dublin 15, Ireland. On information and belief, AICL is a subsidiary of Plaintiff Astellas Pharma Inc.

16.     On information and belief, Plaintiff Astellas Pharma Global Development, Inc. ("APGD") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062.  On information and belief, APGD is a subsidiary of Plaintiff Astellas Pharma Inc.

## JURISDICTION

17.     This court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 35 U.S.C. § 271(e)(5); 28 U.S.C. §§ 1331, 1337(a), 1338, 2201, and/or 2202; and/or 21 U.S.C. § 355(j), based on an actual controversy between Prinston and Plaintiffs arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

18.     This Court has personal jurisdiction over Plaintiffs based, *inter alia*, on the filing by Plaintiffs of this lawsuit in this jurisdiction.

19.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), and 21 U.S.C. § 355(j)(5)(c)(i)(II).

## THE APPLICATIONS AT ISSUE

### The NDA

20.     On information and belief, APGD is the current holder of NDA No. 202611 for

mirabegron tablets which it markets under the trade name MYRBETRIQ®.  On information and

belief, MYRBETRIQ® is marketed in 25 mg and 50 mg dosage strengths and is indicated for the

treatment of overactive bladder with symptoms of urge urinary incontinence, urgency, and

urinary frequency.

21.     On information and belief, the FDA approved NDA No. 202611 on June 28,

2012, which permitted APGD to market its mirabegron products.

22.     The Federal Food, Drug, and Cosmetic Act ("the Act") authorizes a

pharmaceutical company to file an Abbreviated New Drug Application ("ANDA"), which the

FDA will approve if the pharmaceutical company shows that its product has the same active

ingredient as, and is bioequivalent to, a product that the FDA has already approved.

23.     The Act requires NDA holders to submit to the FDA the patent number and

expiration date of any patent(s) for which the NDA holder believes "a claim of patent

infringement could reasonably be asserted if a person not licensed by the [NDA] owner engaged

in the manufacture, use or sale of the drug." 21 U.S.C. § 355(b)(1).  The FDA—with no

substantive review of the patents—lists the patent number(s) and expiration date(s) in the Orange

Book.

24.     If an ANDA applicant seeks approval to market its generic product before a

patent listed in the Orange Book expires, the applicant must include in its ANDA a certification

that its proposed product would not infringe that patent, and/or that the patent is invalid and/or

unenforceable.  The ANDA applicant must then send notice to the NDA holder and patent

16

owner(s), which includes a detailed statement of the factual and legal bases of the ANDA applicant's opinion that the patent is invalid, unenforceable, and/or would not be infringed.

25.     If the patent owner sues the ANDA applicant for infringement of patents listed in the Orange Book at the time the ANDA was filed within 45 days of receiving the notice, the FDA cannot, on that basis alone, approve the ANDA for 30 months from the date of receipt of the notice, or until the infringement action is over, absent a court order shortening the period.

26.     Upon information and belief, APGD, as the NDA holder for MYRBETRIQ® (NDA No. 202611), filed requests with the FDA pursuant to 21 U.S.C. § 355(b)(1) to list the '117, '049, '474 and '872 patents in the Orange Book for MYRBETRIQ®.

27.     The maintenance of these patents by APGD in the Orange Book means that it believes the patents "claim[] the drug for which the application was submitted [*i.e.*, MYRBETRIQ®] . . . and with respect to which a claim for patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." *See* 21 U.S.C. § 355(b)(1).

**ANDA No. 209475**

28.     Prinston filed ANDA No. 209475 with the FDA seeking approval to market mirabegron tablets ("Prinston's ANDA Product").  As part of that application, Prinston certified that Prinston's ANDA Product does not infringe the '117 patent, the '049 patent, the '474 patent, and the '872 patent, and/or that those patents are invalid and/or unenforceable.

29.     Prinston provided notice of its certification with respect to the '117, '049, '474, and '872 patents to Plaintiffs, which was received on or about September 8, 2016 ("Prinston's Notice Letter").  Prinston's Notice Letter provided the factual and legal bases as to why, in Prinston's opinion, the '117, '049, '474, and '872 patents are invalid, unenforceable, and/or will

not be infringed by the commercial manufacture, use, or sale of the ANDA Product before the expiration of the '117, '049, '474, and '872 patents.  Prinston also enclosed an Offer of Confidential Access to Prinston's ANDA in accordance with 21 U.S.C. § 505(j)(5)(C)(i)(III).

30.    Plaintiffs' conduct impairs Prinston's ability to market its ANDA Product. Prinston thus seeks a declaratory judgment that its ANDA Product does not infringe the '117, '049, '474, and '872 patents and/or that those patents are invalid and/or unenforceable.

## THE PRESENCE OF A CASE OR ACTUAL CONTROVERSY

31.    With the maintenance of the '117, '049, '474, and '872 patents in the Orange Book in connection with MYRBETRIQ®, APGD continues to represent that the patents "claim[] the drug for which the application was submitted [*i.e.*, MYRBETRIQ®] . . . and with respect to which a claim for patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."  *See* 21 U.S.C. § 355(b)(1).

32.    Plaintiffs' Complaint gives rise to an actual controversy with respect to the '117, '049, '474, and '872 patents with respect to ANDA No. 209475.

33.    Prinston has made, and will continue to make, substantial preparations in connection with its request for FDA approval of its ANDA Product.

34.    To avoid legal uncertainty and to protect Prinston's substantial investment (and anticipated future investment) in its ANDA Product, Prinston seeks declaratory relief with respect to the '117, '049, '474, and '872 patents.

35.    Prinston has not stipulated to or otherwise consented to the validity, infringement, or enforceability of the '117, '049, '474, and '872 patents.

36.    Upon FDA approval of Prinston's ANDA, Prinston will be able to market and sell its ANDA Product in the United States.

37.     A judgment declaring that the '117, '049, '474, and '872 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, and/or offer for sale of Prinston's ANDA Product will remove any independent barriers to competition that may exist by virtue of APGD's maintenance of the listing of the '117, '049, '474, and '872 patents in the Orange Book in connection with NDA No. 202611.

38.     The totality of the circumstances support that a case or controversy exists with respect to the infringement, invalidity, and/or unenforceability of the '117, '049, '474, and '872 patents.

**FIRST COUNT**
**(Declaratory Judgment of Invalidity, the '117 Patent)**

39.     Prinston repeats and incorporates by reference each of the foregoing paragraphs of Prinston's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

40.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Prinston and Plaintiffs concerning the invalidity of claims of the '117 patent.

41.     The claims of the '117 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 102 and/or 103 and/or for double patenting.  For example, the claims of the '117 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least Canadian Patent Application Publication No. 2,305,802, alone or in combination with other prior art such as PL Gould, "Salt selection for basic drugs," *Int. J. Pharm.*, 33:201-217 (1986), alone or in

19

combination with other prior art such as Boatman, et. al., "A four-stage approach to new-drug development," *Pharm. Technol.*,5:46-56 (1981), alone or in combination with other prior art.

42.     Prinston reserves the right to provide additional bases for invalidity of the '117 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

43.     Thus, Prinston is entitled to a declaration that the claims of the '117 patent are invalid.

**SECOND COUNT**
**(Declaratory Judgment of Non-Infringement, the '117 Patent)**

44.     Prinston repeats and incorporates by reference each of the foregoing paragraphs of Prinston's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

45.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court exists between Prinston and Plaintiffs concerning the infringement of the '117 patent.

46.     Prinston's manufacture, use, offer for sale, sale, and/or importation into the United States of Prinston's ANDA Product will not infringe, either directly or indirectly, any valid claim of the '117 patent, either literally or under the doctrine of equivalents, for at least the reason that each of the claims of the '117 patent that Plaintiffs could assert against Prinston is invalid for failure to comply with 35 U.S.C. §§ 102 and/or 103 and/or for double patenting as set forth above in the First Count of Prinston's counterclaims, and an invalid claim cannot be infringed.

47.     Plaintiffs (Counterclaim-Defendants) bear the burden of proving by preponderant evidence that every limitation set forth in each asserted claim is found in the accused product, either literally or under the doctrine of equivalents.  To date, Counterclaim-Defendants have not set forth any facts attempting to identify any asserted claims or to prove infringement of the '117 patent.

48.     Prinston reserves the right to provide additional bases for noninfringement of the '117 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

49.     Thus, Prinston is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of Prinston's ANDA Products will not infringe any valid and enforceable claim of the '117 patent.

### THIRD COUNT
### (Declaratory Judgment of Invalidity, the '049 Patent)

50.     Prinston repeats and incorporates by reference each of the foregoing paragraphs of Prinston's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

51.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Prinston and Plaintiffs concerning the invalidity of claims of the '049 patent.

52.     The claims of the '049 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 102 and/or 103, and/or for double patenting.  For example, the claims of the '049 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least Canadian Patent

Application Publication No. 2,305,802, alone or in combination with other prior art such as PL

Gould, "Salt selection for basic drugs," *Int. J. Pharm*., 33:201-217 (1986), alone or in

combination with other prior art such as Boatman, et. al., "A four-stage approach to new-drug

development," *Pharm. Technol*., 5:46-56 (1981), alone or in combination with other prior art.

53.     Prinston reserves the right to provide additional bases for invalidity of the '049

patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed

and/or served later in this action.

54.     Thus, Prinston is entitled to a declaration that the claims of the '049 patent are

invalid.

### FOURTH COUNT
### (Declaratory Judgment of Non-Infringement, the '049 Patent)

55.     Prinston repeats and incorporates by reference each of the foregoing paragraphs

of Prinston's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

56.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. §

1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual,

substantial, and continuing justiciable controversy having adverse legal interest of sufficient

immediacy and reality to warrant the issuance of a declaration of rights by the Court exists

between Prinston and Plaintiffs concerning the infringement of the '049 patent.

57.     Prinston's manufacture, use, offer for sale, sale, and/or importation into the

United States of Prinston's ANDA Product will not infringe, either directly or indirectly, any

valid claim of the '049 patent, either literally or under the doctrine of equivalents, for at least the

reason that each of the claims of the '049 patent that Plaintiffs could assert against Prinston is

invalid for failure to comply with 35 U.S.C. §§ 102 and/or 103, and/or for double patenting as set

forth above in the Third Count of Prinston's counterclaims, and an invalid claim cannot be infringed.

58.     Plaintiffs (Counterclaim-Defendants) bear the burden of proving by preponderant evidence that every limitation set forth in each asserted claim is found in the accused product, either literally or under the doctrine of equivalents.  To date, Counterclaim-Defendants have not set forth any facts attempting to identify any asserted claims or to prove infringement of the '049 patent.

59.     Prinston reserves the right to provide additional bases for noninfringement of the '049 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

60.     Thus, Prinston is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of Prinston's ANDA Products will not infringe any valid and enforceable claim of the '049 patent.

## FIFTH COUNT
### (Declaratory Judgment of Invalidity, the '474 Patent)

61.     Prinston repeats and incorporates by reference each of the foregoing paragraphs of Prinston's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

62.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Prinston and Plaintiffs concerning the invalidity of claims of the '474 patent.

63.     The claims of the '474 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 *et seq.*, including, without limitation,

35 U.S.C. §§ 102 and/or 103, and/or for double patenting.  For example, the claims of the '474

patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least Akahane, *et. al.,* PCT

Application Publication No. WO 1998/007445, published February 26, 1998 (also published in

English as European Patent Application Publication No. EP0958835 on November 24, 1999),

alone or in combination with other prior art such as Canadian Patent Application Publication No.

2,305,802, alone or in combination with other prior art such as Y. Igawa et al., "Possible β3-

Adrenoceptor-Mediated Relaxation of the Human Detrusor," *Acta Physiologica,* 164:117 (1998),

alone or in combination with other prior art such as Yasuhiko Igawa et al., "Functional and

Molecular Biological Evidence for a Possible β3-Adrenoceptor in the Human Detrusor Muscle,"

*Brit. J. Pharmacology,* 126:819 (1999), alone or in combination with other prior art such as

Hiroo Takeda et al., "Effects of β3-Adrenoceptor Stimulation on Prostaglandin E2-Induced

Bladder Hyperactivity and on the Cardiovascular System in Conscious Rats," *Neurology &*

*Urodynamics*, 21:558 (2002), alone or in combination with other prior art such as Masayuki

Takeda et al., "Evidence for β3-Adrenoceptor Subtypes in Relaxation of the Human Urinary

Bladder Detrusor:  Analysis by Molecular Biological and Pharmacological Methods," *J.*

*Pharmacology & Experimental Therapeutics*, 288:1367 (1999), alone or in combination with

other prior art.

64.     Prinston reserves the right to provide additional bases for invalidity of the '474

patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed

and/or served later in this action.

65.     Thus, Prinston is entitled to a declaration that the claims of the '474 patent are

invalid.

24

## SIXTH COUNT
### (Declaratory Judgment of Non-Infringement, the '474 Patent)

66.     Prinston repeats and incorporates by reference each of the foregoing paragraphs of Prinston's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

67.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court exists between Prinston and Plaintiffs concerning the infringement of the '474 patent.

68.     Prinston's manufacture, use, offer for sale, sale, and/or importation into the United States of Prinston's ANDA Product will not infringe, either directly or indirectly, any valid claim of the '474 patent, either literally or under the doctrine of equivalents, for at least the reason that each of the claims of the '474 patent that Plaintiffs could assert against Prinston is invalid for failure to comply with 35 U.S.C. §§ 102 and/or 103, and/or for double patenting as set forth above in the Fifth Count of Prinston's counterclaims, and an invalid claim cannot be infringed.

69.     Plaintiffs (Counterclaim-Defendants) bear the burden of proving by preponderant evidence that every limitation set forth in each asserted claim is found in the accused product, either literally or under the doctrine of equivalents.  To date, Counterclaim-Defendants have not set forth any facts attempting to identify any asserted claims or to prove infringement of the '474 patent.

70.     Prinston reserves the right to provide additional bases for noninfringement of the '474 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

71.     Thus, Prinston is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of Prinston's ANDA Products will not infringe any valid and enforceable claim of the '474 patent.

## SEVENTH COUNT
### (Declaratory Judgment of Invalidity, the '872 Patent)

72.     Prinston repeats and incorporates by reference each of the foregoing paragraphs of Prinston's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

73.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Prinston and Plaintiffs concerning the invalidity of claims of the '872 patent.

74.     The claims of the '872 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 102 and/or 103, and/or for double patenting.  For example, the claims of the '872 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least Akahane, *et. al.,* PCT Application Publication No. WO 1998/007445, published February 26, 1998 (also published in English as European Patent Application Publication No. EP0958835 on November 24, 1999), alone or in combination with other prior art such as Canadian Patent Application Publication No. 2,305,802, alone or in combination with other prior art such as Y. Igawa et al., "Possible β3-Adrenoceptor-Mediated Relaxation of the Human Detrusor," *Acta Physiologica,* 164:117 (1998), alone or in combination with other prior art such as Yasuhiko Igawa et al., "Functional and Molecular Biological Evidence for a Possible β3-Adrenoceptor in the Human Detrusor Muscle," *Brit. J. Pharmacology,* 126:819 (1999), alone or in combination with other prior art such as

26

Hiroo Takeda et al., "Effects of β3-Adrenoceptor Stimulation on Prostaglandin E2-Induced

Bladder Hyperactivity and on the Cardiovascular System in Conscious Rats," *Neurology &*

*Urodynamics,* 21:558 (2002), alone or in combination with other prior art such as Masayuki

Takeda et al., "Evidence for β3-Adrenoceptor Subtypes in Relaxation of the Human Urinary

Bladder Detrusor: Analysis by Molecular Biological and Pharmacological Methods," *J.*

*Pharmacology & Experimental Therapeutics,* 288:1367 (1999), alone or in combination with

other prior art.

75.     Prinston reserves the right to provide additional bases for invalidity of the '872

patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed

and/or served later in this action.

76.     Thus, Prinston is entitled to a declaration that the claims of the '872 patent are

invalid.

## EIGHTH COUNT
### (Declaratory Judgment of Non-Infringement, the '872 Patent)

77.     Prinston repeats and incorporates by reference each of the foregoing paragraphs

of Prinston's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

78.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. §

1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual,

substantial, and continuing justiciable controversy having adverse legal interest of sufficient

immediacy and reality to warrant the issuance of a declaration of rights by the Court exists

between Prinston and Plaintiffs concerning the infringement of the '872 patent.

79.     Prinston's manufacture, use, offer for sale, sale, and/or importation into the

United States of Prinston's ANDA Product will not infringe, either directly or indirectly, any

valid claim of the '872 patent, either literally or under the doctrine of equivalents, for at least the

27

reason that each of the claims of the '872 patent that Plaintiffs could assert against Prinston is invalid for failure to comply with 35 U.S.C. §§ 102 and/or 103, and/or for double patenting as set forth above in the Seventh Count of Prinston's counterclaims, and an invalid claim cannot be infringed.

80.     Plaintiffs (Counterclaim-Defendants) bear the burden of proving by preponderant evidence that every limitation set forth in each asserted claim is found in the accused product, either literally or under the doctrine of equivalents.  To date, Counterclaim-Defendants have not set forth any facts attempting to identify any asserted claims or to prove infringement of the '872 patent.

81.     Prinston reserves the right to provide additional bases for noninfringement of the '872 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

82.     Thus, Prinston is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of Prinston's ANDA Products will not infringe any valid and enforceable claim of the '872 patent.

## PRAYER FOR RELIEF

WHEREFORE, Prinston Pharmaceutical, Inc. prays that the Court enter judgment in its favor and against Plaintiffs as follows:

A. Declaring that the making, using, selling, offering for sale, marketing or importation of Prinston's ANDA Product does not infringe any valid or enforceable claim of the '117 patent;

B.  Declaring that the '117 patent and all of its claims are invalid;

C. Declaring that the making, using, selling, offering for sale, marketing or importation of Prinston's ANDA Product does not infringe any valid or enforceable claim of the '049 patent;

D. Declaring that the '049 patent and all of its claims are invalid;

E. Declaring that the making, using, selling, offering for sale, marketing or importation of Prinston's ANDA Product does not infringe any valid or enforceable claim of the '474 patent;

F. Declaring that the '474 patent and all of its claims are invalid;

G. Declaring that the making, using, selling, offering for sale, marketing or importation of Prinston's ANDA Product does not infringe any valid or enforceable claim of the '872 patent;

H. Declaring that the '872 patent and all of its claims are invalid;

I. Enjoining Plaintiffs and their agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice hereof, from threatening or initiating infringement litigation against Prinston or its customers, dealers, suppliers, or any prospective or present sellers, dealers, distributors, or customers of Prinston, or charging them either orally or in writing with infringement of any patent asserted herein against Prinston;

J. Enjoining Plaintiffs and their agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice hereof, from interfering with FDA's approval of ANDA No. 209475;

K. Granting Prinston judgment in favor of Prinston's claims;

L. Denying Plaintiffs' claims with prejudice;

M.  Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Prinston

its costs and reasonable attorneys' fees; and

N.  Awarding any other such relief as is just and proper.

Dated: January 17, 2017                    Respectfully submitted,

                                           /s/ Richard L. Renck
                                           Richard L. Renck (3893)
                                           DUANE MORRIS LLP
                                           222 Delaware Avenue, Suite 1600
                                           Wilmington, DE 19801-1659
                                           Telephone: (302) 657-4900
                                           Email: RLRenck@duanemorris.com

                                           *Attorneys for Defendant Prinston
                                           Pharmaceutical, Inc.*

Of Counsel:

Anthony Fitzpatrick
Vincent L. Capuano
Neelaabh Shankar
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4200

Emily N. Winfield
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 17, 2017, a true and correct copy of the foregoing

document was electronically filed with the United States District Court for the District of

Delaware and was served on all counsel by the court's electronic filing notification or via email.

/s/ *Richard L. Renck*
Richard L. Renck (3893)
DUANE MORRIS LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: (302) 657-4900
Email: RLRenck@duanemorris.com

*Attorneys for Defendant Prinston
Pharmaceutical, Inc.*